709 A.2d 382

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Mark GREEN, Appellant.**

Supreme Court of Pennsylvania.

Argued March 3, 1997.

Decided March 27, 1998.

---

Kevin G. Sasinoski, James R. Wilson, Pittsburgh, for Mark Greer.

Robert E. Colville, Claire C. Capristo, Robert A. Willig, Pittsburgh, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### *OPINION*

NIGRO, Justice.

This is an appeal from an order of the Superior Court affirming appellant's judgment of sentence for possession of a controlled substance,[1] possession of a controlled substance with the intent to deliver,[2] and violation of the Uniform Firearms Act.[3] The issues before this Court are whether trial counsel was ineffective for failing to preserve the issue of whether the cocaine seized from appellant should have been suppressed and whether appellate counsel was ineffective for failing to preserve the issue of trial counsel's ineffectiveness. For the reasons which follow, we reverse and remand to the trial court.

1. 35 P.S. § 780–113(a)(16).
2. 35 P.S. § 780–113(a)(30).
3. 18 Pa.C.S. § 6106.

The trial court made the following findings of fact. On July 16, 1992, officers of the City of Pittsburgh Narcotics Task Force were investigating possible drug trafficking activity at a public housing project in the West End section of Pittsburgh. Two of the officers noticed a group of four men, including appellant, huddled together on a set of steps. Appellant was holding a white plastic object in his right hand and was showing it to the other three men.

Upon noticing the officers, the group fled up the steps. One of the officers pursued the men. When the officer reached the top of the steps, he saw appellant racing across an open field. During the course of the pursuit, appellant threw a plastic bag into the weeds. After appellant was apprehended, the plastic bag was retrieved and found to contain several pieces of crack cocaine. Appellant was subsequently arrested and taken to a police car, where he was given his *Miranda* rights. After waiving his *Miranda* rights, appellant told police that he was a poor man and needed to sell drugs in order to make some money. He also stated that he had only been selling drugs for a few months. During the course of the statement, appellant was asked whether he had a vehicle with him, and if so, where it was located. Appellant indicated that he did have a vehicle and agreed to lead the officers to it. A search of the vehicle yielded a loaded pistol.

Appellant retained trial counsel, who filed a pre-trial motion to suppress the evidence. The trial court denied this motion and on March 4, 1993, appellant was tried and convicted by a jury and a date was set for sentencing. On March 16, 1993, trial counsel filed a post-verdict motion, but did not include the suppression issue raised prior to trial.[4] The post-verdict

4. In addition to his two ineffectiveness claims, appellant also raises before this Court the underlying suppression issue itself. In other words, appellant asks us to decide whether the evidence seized by police should have been suppressed.

We will not address this issue because it is waived due to trial counsel's failure to raise it in his post-verdict motion. Prior to the adoption of the current version of Pa.R.Crim.P. 1410, any claims not raised in post-trial motions were considered waived. New Rule 1410 is effective only as to cases in which the determination of guilt occurred on or after January 1, 1994. Since appellant was convicted on March

motion was denied and appellant was sentenced to a one to two year term of imprisonment with a consecutive one year probationary term.

On July 26, 1993, trial counsel filed a Petition to Withdraw as Counsel. Consequently, on August 19, 1993, the Public Defender of Allegheny County was appointed as appellate counsel. On appeal to the Superior Court, appellant raised two claims of ineffectiveness of trial counsel relating to counsel's failure to request certain jury instructions. The Superior Court affirmed the judgment of sentence.

Following the Superior Court's decision, Appellant was represented by another member of the same public defender's office who filed a Petition For Allowance of Appeal with this Court. We granted allocatur and now reverse.

■ It is well-established that a claim of ineffectiveness must be raised at the earliest possible stage in the proceedings at which counsel whose effectiveness is questioned no longer represents the defendant. *Commonwealth v. Shannon*, 530 Pa. 279, 285, 608 A.2d 1020, 1023 (1992), *citing Commonwealth v. Hubbard*, 472 Pa. 259, 276–77 n. 6, 372 A.2d 687, 695 n. 6 (1977); *Commonwealth v. Chmiel*, 536 Pa. 244, 251, 639 A.2d 9, 12 (1994); *Commonwealth v. Pizzo*, 529 Pa. 155, 157, 602 A.2d 823, 824 (1992).

■ The record reflects that appellant was represented at trial by privately-retained counsel, but has been represented

3, 1993, prior to the effective date of new Rule 1410, trial counsel's failure to incorporate the suppression issue into his post-verdict motion resulted in its waiver.

Moreover, appellant cannot revive the suppression issue by asserting counsel's failure to preserve it. In considering counsel's ineffectiveness, we do not decide the issue which counsel was ineffective in failing to preserve. Rather,

our analysis of the abandoned claim is undertaken solely for the purpose of resolving questions of ineffective representation. Not having been raised in post-trial motions, the claim itself has not been properly preserved for appellate review .... [o]nce we conclude that the omitted contention is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of post-trial counsel's basis for decision.

*Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

on appeal by members of the same public defender's office.[5] Thus, appellant's claim that trial counsel was ineffective is waived because it was not raised by appellate counsel at the Superior Court level.

With respect to appellant's claim that former appellate counsel was ineffective, we have previously stated that, "[a]s a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office since appellate counsel, in essence, is deemed to have asserted a claim of his or her own ineffectiveness." *Commonwealth v. Ciptak*, 542 Pa. 112, 112, 665 A.2d 1161, 1161–62 (1995). *See also Shannon*, 530 Pa. 279, 285–86, 608 A.2d 1020, 1023 (1992).

Where, as here, appellate counsel asserts a claim of his or her own ineffectiveness on direct appeal, we have held that the case should be remanded for the appointment of new counsel except (1) where it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless. *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986). Thus, in the present case, we must remand for appointment of new counsel unless we can make a conclusive determination as to counsel's ineffectiveness from the record.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's

5. In his brief to this Court, appellant asserts that "although he was privately retained in this case, trial counsel, Joseph Paletta, was at that time and still is to this day a member of the same Public Defender's Office as appellate counsel." Appellant's Reply Brief at 3. However, there is no evidence of record that trial counsel has ever been affiliated with the public defender's office. Moreover, in the Praecipe For Appearance filed with the Court of Common Pleas of Allegheny County, trial counsel indicated that he was representing appellant in his capacity as a privately-retained attorney, rather than as a public defender. *See Commonwealth v. Young*, 456 Pa. 102, 115 & n. 15, 317 A.2d 258, 264 & n. 15 (1974)(holding that on appellate review, a court may not consider facts outside the record); *Commonwealth v. Rini*, 285 Pa.Super. 475, 481, 427 A.2d 1385, 1389 (1981)(same).

ineffectiveness. *Commonwealth v. Washington*, 547 Pa. 550, 692 A.2d 1018, 1021 (1997); *Commonwealth v. Gibson*, 547 Pa. 71, 688 A.2d 1152, 1165 (1997); *Commonwealth v. Craver*, 547 Pa. 17, 688 A.2d 691, 693 (1997).

■ When we have applied these principles to similar cases in the past, we have found that a remand was appropriate. For example, in *Commonwealth v. Ciptak*, 542 Pa. at 112, 665 A.2d at 1162, the defendant asserted that his trial counsel was ineffective for failing to object to the trial court's imposition of the costs of prosecution without first determining the defendant's ability to pay. Both trial and appellate counsel were members of the same public defender's office. We remanded for appointment of new counsel and an evidentiary hearing because trial counsel's reason for not objecting to the trial court's imposition of costs of prosecution could not be determined from the record.

Similarly, in *Commonwealth v. Shannon*, 530 Pa. at 286, 608 A.2d at 1023, the defendant claimed that post-trial counsel was ineffective for failing to procure certain witnesses who purportedly would have offered favorable alibi testimony. Again, both post-trial and appellate counsel were members of the same public defender's office. We remanded for appointment of new counsel and an evidentiary hearing because we were unable to determine whether counsel had been ineffective absent testimony from the missing alibi witnesses. *Cf. Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986)(finding that although counsel asserted his own ineffectiveness on appeal, remand for appointment of new counsel was unnecessary because it was clear from the record that the issue underlying the ineffectiveness claim was not of arguable merit).

Instantly, as in *Ciptak* and *Shannon*, the record is devoid of essential evidence which would enable the court to engage in an ineffective assistance analysis. Appellate counsel's reason for failing to preserve the issue of trial counsel's ineffectiveness cannot be gleaned from the record. Thus, we are unable

to determine whether appellate counsel was ineffective or whether the ineffectiveness claim is meritless.

Accordingly, the order of the Superior Court is reversed and the case is remanded to the trial court for appointment of new counsel and to conduct an evidentiary hearing on the issue of appellate counsel's ineffectiveness.

ZAPPALA and CAPPY, JJ., concur in the result.