771 A.2d 751

COMMONWEALTH of Pennsylvania, Appellee,

v.

Antonio Lamont JOHNSON, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 2, 2000.

Decided May 21, 2001.

Zappala, J., concurred in result.

Nigro, J., concurred and dissented and filed opinion in which Castille and Saylor, JJ., joined.

54

Candace Cain, Suzanne M. Swan, Pittsburgh, for Antonio Lamont Johnson.

Kevin F. McCarthy, Pittsburgh, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

NEWMAN, Justice.

Antonio Lamont Johnson (Appellant) appeals an Order of the Superior Court that affirmed the Judgment of Sentence of the Court of Common Pleas of Allegheny County (trial court). After a bench trial, the trial court convicted Appellant of burglary,[1] theft by unlawful taking,[2] and receiving stolen prop-

1. 18 Pa.C.S.A. § 3502.
2. 18 Pa.C.S.A. § 3921.

erty.[3] We granted allowance of appeal to clarify our holding
in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998)
and to determine whether the Superior Court erred in reject-
ing Appellant's claim that his Appellate Counsel was ineffec-
tive for failing to preserve an issue for appeal in the State-
ment of Matters Complained of on Appeal pursuant to Pa.
R.A.P.1925(b). Although we conclude that the Superior Court
erred in summarily dismissing Appellant's ineffective assis-
tance of counsel claim without review, we affirm, on different
grounds, the judgment of the Superior Court.

## FACTUAL AND PROCEDURAL HISTORY

On July 29, 1994, Appellant broke into a residence and
removed a television and other items totaling $1,711.00 in
value. A warrant for Appellant's arrest and a criminal com-
plaint against him were issued on October 20, 1994. The
investigating detectives contacted Appellant's parole officer
and advised him of the new charges filed against Appellant.
It was not until February of 1996, however, that Appellant's
parole officer contacted one of the investigating detectives and
advised him that Appellant had been located and was incarcer-
ated on a parole violation. A second criminal complaint was
then issued on February 27, 1996.

A hearing was held on October 22, 1996, and at that time
counsel from the Office of the Public Defender of Allegheny
County represented Appellant. Appellant argued that, pursu-
ant to Rule 1100 of the Pennsylvania Rules of Criminal
Procedure, the charges against him should be dismissed. The
trial court concluded that the Rule 1100 period was triggered
by the second criminal complaint, and that Appellant had not
demonstrated any prejudice from the delay in its filing. The
trial court then conducted a jury-waiver colloquy and Appel-
lant proceeded to a non-jury trial.

Following a bench trial, Appellant was found guilty of all
counts and was sentenced to serve four to fifteen years in

**3.** 18 Pa.C.S.A. § 3925.

prison on the burglary conviction. Appellant received no additional punishment for the remaining crimes. He filed a timely appeal to the Superior Court, and then the trial court directed Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b), on or before February 5, 1997.

On February 5, 1997, Appellant's new counsel, also from the Office of the Public Defender of Allegheny County, sought an extension of time for filing a Concise Statement of Matters Complained of on Appeal based upon the absence of a transcript from the non-jury trial. At some point thereafter, the trial court entered an Order directing that the transcript be provided and ordered the Statement of Matters Complained of on Appeal to be filed by December 22, 1998. Appellant's third counsel from the Office of the Public Defender of Allegheny County (Appellate Counsel) filed a Concise Statement of Matters Complained of on Appeal on December 22, 1998, raising five issues.[4] The trial court rejected all of Appellant's claims as without merit.

In his brief to the Superior Court, prepared by Appellate Counsel, Appellant argued a violation of Rule 1100 arising out of the delay in bringing Appellant to trial, and raised the additional question as to whether he validly waived his right to a jury trial, an issue that he failed to include in the Statement of Matters Complained of on Appeal.[5] Further, Appellate

---

4. The following five issues were raised in the Concise Statement of Matters Complained of on Appeal:

> (1) The trial court erred in denying defendant's pre-trial motion to dismiss for unreasonable delay and for violation of Pennsylvania Rule of Criminal Procedure 1100.
> (2) Trial counsel was ineffective for failing to seek dismissal based upon a violation of Pa.R.Crim.P. 1100.
> (3) Defendant was denied due process because of the delay between the filing of the criminal complaint and his arrest.
> (4) Trial counsel was ineffective for failing to present expert or other testimony concerning the fingerprint evidence presented by the Commonwealth and for questioning the Commonwealth expert concerning the certainty of his opinion.
> (5) The sentence was manifestly excessive.

5. In his Brief to the Superior Court, Appellant raised the following:

Counsel, asserting her own ineffectiveness, raised her own ineffective assistance of counsel for failure to preserve the jury-waiver colloquy issue for appeal by neglecting to include it in the 1925(b) statement.

The Superior Court, in a Memorandum Opinion, concluded that Appellant's Rule 1100 argument had no merit. Further, relying on this Court's holding in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), the Superior Court found Appellant's complaint, that his trial counsel failed to ensure that his waiver of his constitutional right to a jury trial was knowing and intelligent, was waived because he did not include the issue in his 1925(b) statement. Finally, relying on *Lord, supra,* the Superior Court refused to review Appellate Counsel's assertion of her own ineffective assistance of counsel for failing to include the issue as to the adequacy of the jury-waiver colloquy in the Statement of Matters Complained of on Appeal.

## DISCUSSION

The Superior Court began its analysis by acknowledging that the failure to present an issue in a filed Statement of Matters Complained of on Appeal serves as a waiver of the issue pursuant to *Lord, supra.* As a result, the court found that Appellant waived any issue concerning his waiver of jury trial and trial counsel's alleged ineffectiveness in failing to object to the supposed inadequacy of the colloquy. Additionally, the Superior Court deemed waived the issue of Appellate Counsel's alleged ineffectiveness, which Appellate Counsel

(1) Did Mr. Johnson did [sic] validly waive his right to a jury trial where there was no record colloquy about the required elements and was counsel ineffective for failure to preserve the issue for appeal? (2) Did the trial court err by not dismissing charges against Mr. Johnson where the Commonwealth failed to exercise due diligence in bringing him to trial within the limits of Rule 1100 following initial filing of the complaint and was trial counsel ineffective for failure to preserve the issue? (3) Was Mr. Johnson denied due process and was he prejudiced by delay between the incident in 1994 and his arrest in 1996 where there was no legitimate reason for the delay and the passage of time prevented defendant from mounting an alibi defense to combat fingerprinting evidence?

raised in her brief to the Superior Court. In support of this conclusion, the Superior Court found that *Lord, supra,* would be rendered meaningless if the court were to consider the waived issue based on Appellant's re-framing it as an ineffectiveness claim. Finally, the Superior Court concluded that Appellant could not establish the "prejudice" prong of the ineffectiveness standard set forth in *Commonwealth v. Pierce,* 537 Pa. 514, 645 A.2d 189 (1994).

■ Appellant claims that notwithstanding this conclusion, Appellate Counsel's raising the issue of her own ineffectiveness for failing to include the inadequate jury waiver colloquy issue in the Statement of Matters Complained of on Appeal is an issue that should have been reviewed by the Superior Court. As a consequence, in this matter, we are called upon to determine whether Appellate Counsel's claim of his or her own ineffectiveness for failure to include a claim of ineffective assistance of counsel within a statement of matters complained of on appeal is a claim that is reviewable by the Superior Court irrespective of *Lord, supra.* We believe that such claims must be reviewed by the Superior Court. To hold otherwise would result in disparate treatment for appellants who are not provided new counsel to handle their appeal and would discourage conscientious appellate counsel who recognize their own ineffectiveness, from bringing such claims to the court's attention at the first available opportunity.

Pa.R.A.P.1925 provides, in pertinent part:

(a) General Rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters com-

plained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

■■ "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal." *Lord*, 719 A.2d at 308.[6] "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. . . . Rule 1925 is hence a crucial component of the appellate process." *Id.* at 308. *Lord* stands for the proposition that any issues not raised in a 1925(b) statement will be deemed waived. *See Id.* at 309.

■■ Applying *Lord* to the facts of the case before us, it is clear that the Superior Court correctly deemed Appellant's argument as to the validity of the jury trial waiver colloquy as waived for failure to include it in the 1925(b) Statement of Matters Complained of on Appeal. Similarly, any assertion as to trial counsel's alleged ineffectiveness for failure to object to the jury trial waiver colloquy is also waived. An appellant's failure to include these issues in his 1925(b) statement waives those issues for purposes of appellate review. *Lord*, 553 Pa. 415, 719 A.2d 306. Consistent with the purpose behind *Lord*, the absence of a trial court opinion on these substantive issues poses a substantial impediment to meaningful and effective appellate review. Given that Appellant both failed to raise the adequacy of the jury trial waiver colloquy and failed to assert a claim of ineffective assistance of trial counsel relating to the jury trial waiver colloquy in his 1925(b) statement, those issues were waived and thus not subject to review by the Superior Court. *Id.*

6. In *Lord*, this Court was called upon to address whether Pa.R.Crim.P. 1410 precluded an appellate court from asserting the waiver of an appellate issue because that issue was omitted from the Statement of Matters Complained of on Appeal. Pa.R.Crim.P. 1410 deemed issues raised before or during trial to be preserved for appeal, whether or not the defendant filed a post-sentence motion on those issues. We found that Pa.R.A.P.1925(b) and Pa.R.Crim.P. 1410 were not in conflict and notwithstanding Pa.R.Crim.P. 1410, those issues not included in a 1925(b) Statement will be deemed waived. 719 A.2d at 309.

60

However, *Lord* does not call for the appellate courts of this Commonwealth to ignore the long line of cases that dictate how appellate courts are to address the merits of an issue that has been waived where such waiver is due to the alleged ineffective assistance of appellate counsel. These types of claims historically are reviewable by the Superior Court, notwithstanding their absence from the 1925(b) Statement of Matters Complained of on Appeal. As indicated, the purpose of a 1925(b) Statement of Matters Complained of on Appeal is to aid the trial court in drafting an opinion identifying and focusing on those issues that the parties plan to raise on appeal. *Id.* Such a purpose does not concern ineffective assistance of appellate counsel claims raised in the Superior Court, as such claims are never subject to the benefit of a trial court opinion. Accordingly, because this Court did not intend for *Lord* to impact negatively upon the ability of appellants to bring forth ineffective assistance of counsel claims on direct appeal, we must turn to those cases that provide for review of ineffective assistance of counsel claims on appeal for guidance.

It has been held that when appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel except (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless. *Commonwealth v. Ciptak*, 542 Pa. 112, 665 A.2d 1161, 1162 (1995); *Commonwealth v. Shannon*, 530 Pa. 279, 608 A.2d 1020, 1023 (1992); *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10, 13 (1986).

 As noted, Appellate Counsel has made a claim of her own ineffectiveness for failing to include the issue of the adequacy of Appellant's jury trial waiver colloquy in the 1925(b) Concise Statement of Matters Complained of on Appeal.[7] Therefore, Appellant's claim that Appellate Counsel

7. The record reflects that Appellant's trial counsel, post-trial counsel and Appellate Counsel are not the same person. However, they are all members of the Allegheny County Public Defender's Office. As a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office since appellate

herself was ineffective must be analyzed in accordance with the law as set forth in *McBee*, 520 A.2d at 13 and its progeny. Where, as here, Appellate Counsel asserts a claim of her own ineffective assistance of counsel on direct appeal, precedent dictates that the case should be remanded for appointment of new counsel. However, if it is clear from the record that Appellate Counsel was ineffective, we need not remand for appointment of counsel, but shall remand for a new trial. Furthermore, if it is clear from the record that the ineffectiveness claim is without merit, we simply deny relief. *See Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382, 384 (1998) (citing *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986)). Thus, in the present case, we must remand for appointment of new counsel unless we can make a conclusive determination as to Appellate Counsel's ineffectiveness from the record or unless it is clear from the record that the ineffectiveness claim is meritless. *Green*, 709 A.2d at 384.

Appellant posits that Appellate Counsel was ineffective in failing to raise the alleged ineffectiveness of trial counsel who allegedly failed to challenge his jury waiver colloquy. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness. *Green*, 709 A.2d at 384 (citing *Commonwealth v. Washington*, 547 Pa. 550, 692 A.2d 1018, 1021 (1997)); *Commonwealth v. Gibson*, 547 Pa. 71, 688 A.2d 1152, 1165 (1997); *Commonwealth v. Craver*, 547 Pa. 17, 688 A.2d 691, 693 (1997); *See also, Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). If the underlying issue does not have arguable merit, we need look no further since counsel will not be deemed ineffective for failing to pursue an issue

counsel, in essence, is deemed to have asserted a claim of his or her own ineffectiveness. *Shannon*, 608 A.2d at 1023; *See also Ciptak*, 665 A.2d at 1161–62. Because we have determined that the ineffective assistance of trial counsel issue was waived pursuant to *Lord*, we need not address the propriety of the claim of trial counsel's alleged ineffectiveness.

without merit. *Commonwealth v. Ray*, 751 A.2d 233, 236 (Pa.Super.2000) (citing *Commonwealth v. Lennox*, 250 Pa.Super. 80, 378 A.2d 462 (1977)).

Pa.R.Crim.P. 1101 provides as follows:

In all cases, the defendant may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, signed by the defendant, the judge, and the defendant's attorney, as a witness. Pa.R.Crim.P. 1101.

■■■ We have held that a voluntary waiver of a trial by jury will be found to be knowing and intelligent when the on-record colloquy indicates that the defendant knew the essential ingredients of a jury trial that are necessary to understand the significance of the right being waived. *Commonwealth v. O'Donnell*, 559 Pa. 320, 740 A.2d 198, 208 (1999) (citing *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597, 600 (1973)). These essential ingredients are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. *Id.*

■■■ Here, the on-record colloquy conducted before the trial judge in this case indicates that Appellant was apprised of the essential ingredients and sufficiently informed of the import of his decision to waive a jury trial. The colloquy was as follows:

The Court: Do you understand your right to a jury trial?

Appellant: Yes.

The Court: Do you understand how a jury is selected?

Appellant: Yes.

The Court: Do you understand your right to use preemptory challenges, as well as challenges for cause in the jury selection process?

Appellant: Yes.

The Court: Do you understand in both a jury trial or non jury trial the Commonwealth has the unshifting burden of proving its case against you beyond a reasonable doubt?

Appellant: Yes.

The Court: That you never have to testify or offer any testimony in your own defense, and that no inference of guilt may be inferred by the decision on your part to remain silent? Do you understand that?

Appellant: Yes.

The Court: You're waiving your right to a jury trial, is that correct?

Appellant: Yes.

The Court: This is your signature on the jury trial waiver?

Appellant: Yes.

The Court: Have you consumed any drugs or alcohol in the past 24 hours?

Appellant: Yes.

The Court: Pardon me?

Appellant: Yes.

Mr. Paletta: Excuse me. Your Honor, I think my client misunderstood the question.

The Court: Have you consumed any drugs or alcohol in the past 24 hours?

Appellant: No.

The Court: Do you have any mental or physical problems that would affect your ability to understand these proceedings?

Appellant: No.

The Court: Has anyone made any promises to you or has anyone threatened you in any way to cause you to give up your right to a jury trial?

Appellant: No.

The Court: Are you satisfied with your client's waiver being knowing, intelligent and voluntary?

Mr. Paletta: Yes.

The Court: All right, we'll accept the jury trial waiver and proceed.

(N.T. October 22, 1998, at 25–27). Additionally, Appellant signed a waiver of jury trial form, thereby specifically acknowledging that the trial court explained to him the elements of a jury trial and that he understood such. These facts not only indicate that Appellant was apprised of his right to a jury trial, but that he also knowingly and voluntarily relinquished that right. *See, Commonwealth v. DeGeorge,* 506 Pa. 445, 485 A.2d 1089 (1984). Accordingly, Appellant's contention that Appellate Counsel was ineffective in failing to raise trial counsel's alleged ineffectiveness relating to the inadequacy of the jury trial waiver colloquy lacks arguable merit.

## Conclusion

We hold that the Superior Court erred in deeming Appellant's ineffective assistance of Appellate Counsel claim waived. However, because we fail to see any arguable merit to the underlying claim, we affirm the Superior Court, although on different grounds.

Justice ZAPPALA concurs in the result.

Justice NIGRO files a concurring and dissenting opinion in which Justices CASTILLE and SAYLOR join.

NIGRO, Justice, Concurring and Dissenting.

Although I agree with the majority that Appellant is not entitled to relief, I disagree with the majority's conclusion that the Superior Court erred in concluding that Appellant's ineffective assistance of counsel claim was waived. In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), this Court clearly stated, "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. Under the majority's analysis in the instant case, however, an appellant may now ignore the mandate of *Lord* and still obtain appellate review of an issue that was not included in a 1925(b) statement simply by claiming that counsel was ineffective for failing to include

the issue in the 1925(b) statement. By allowing an appellant to employ such a tactic to obtain review of an otherwise waived issue, the majority is, in effect, rendering 1925(b) and the *Lord* mandate meaningless.

Here, since Appellant's ineffectiveness claim regarding the adequacy of the jury waiver colloquy was not contained in his 1925(b) statement, I would find that the claim is waived.[1]

Justices CASTILLE and SAYLOR join in the concurring and dissenting opinion.

---

1. Appellant, however, may still seek relief for his ineffective assistance of counsel claim under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*