COMMONWEALTH of Pennsylvania,
Appellee,

v.

John BUTLER, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.

Filed March 10, 2004.

Kalvin Kahn, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BENDER, PANELLA and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 John Butler appeals from the judgment of sentence to serve a term of from five to ten years imprisonment imposed after a jury found him guilty of robbery and related offenses for taking leather coats at gunpoint from a retail store at 11th and Filbert Streets in Philadelphia. Appellant's sole issue claims:

BOTH TRIAL AND PRESENT COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THEY FAILED TO COMPLY WITH THE TRIAL COURT'S 1925(B) ORDER BY FILING A STATEMENT OF MATTERS COMPLAINED OF ON APPEAL RAISING THE ISSUE OF THE APPELLANT'S ENTITLEMENT TO AN ARREST OF JUDGMENT ON HIS CONVICTION FOR ROBBERY SINCE THE EVIDENCE IS INSUFFICIENT TO SUSTAIN HIS CONVICTION.

¶ 2 The pertinent procedural facts show that appellant was represented by privately retained counsel at trial, Edward C. Meehan, Jr., Esquire. Appellant was sentenced on April 4, 2002, and on May 1, 2002, attorney Meehan filed a notice of appeal. On May 17, 2002, the trial court filed an order pursuant to Rule 1925(b), directing attorney Meehan to file a concise statement of matters complained of on appeal. Attorney Meehan did not file a concise statement. Rather, on May 21, 2002, attorney Meehan filed a motion to withdraw as appellate counsel with this court. By per curiam order dated June 28, 2002, we directed the trial court to dispose of the motion to withdraw within thirty days. On July 2, 2002, the trial court granted attorney Meehan's motion to withdraw and appointed Kalvin Kahn, Esquire, as appellate counsel. On June 19, 2003, the trial court filed an opinion which noted, *inter alia,* that appellant had failed to file a concise statement as ordered. On July 11, 2003, attorney Kahn's request for an extension of time to file a brief on appellant's behalf was granted and the brief, containing the sole issue recited above, was filed on August 12, 2003.

¶ 3 We begin by noting that although the issue statement unequivocally alleges the ineffectiveness of appellate and trial counsel, the argument presented in support thereof does not. Rather, appellant chiefly argues that appellate and trial counsel were under no obligation to file a Rule 1925(b) statement because the docket does not reflect the time and manner in which the court's order directing counsel to file a Rule 1925(b) statement was transmitted. The actual thrust of appellant's argument is not that counsel were serially ineffective for failing to file the statement, but that the underlying challenge to the sufficiency of the evidence is not subject to waiver. *See Commonwealth v. Hess,* 570 Pa. 610, 810 A.2d 1249 (2002) (held that the strict waiver rule of *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), does not apply in situations where the clerk of courts has failed to comply with the compulsory notice and recordation procedures set forth in Pa.R.Crim.P. 114); *Commonwealth v. Gonzalez,* 2003 PA Super 495, 840 A.2d 326 (2003) (*en banc* ).

¶ 4 We decline to consider the above argument as it does not comport with the statement of the issue. Our jurisprudence has long upheld the well-nigh inviolate rule which provides that points of argument which deviate from the question presented may not be considered by our appellate courts:

Rule 2116 of the Rules of Appellate Procedure provides that "[t]he statement of the questions involved must state the question or questions ... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby ...." *And see Commonwealth v. Wyant*, 254 Pa.Super. 464, 386 A.2d 43 (1978); *Commonwealth v. Eckel*, 188 Pa.Super. 183, 146 A.2d 750 (1959).

*Commonwealth v. Miller*, 283 Pa.Super. 411, 424 A.2d 531, 533 (1981).

¶ 5 Here, the explicit statement of the question involved alleges the ineffectiveness of trial and appellate counsel for failing to file a statement of matters complained of on appeal as directed by the trial court. The question, as stated, is wholly unsupported by the argument that counsels' obligation to comply with the court's directive is not apparent due to lack of recordation of relevant information in the official docket. Indeed, the argument actually runs counter to the allegation of ineffectiveness of counsel. Accordingly, we will not consider the argument, as it is neither set forth as a separate issue nor suggested by the question actually raised.

¶ 6 Turning now squarely to the ineffectiveness claims, we note that in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726, 738 (2002), our supreme court set forth a new general rule providing that parties "should wait to raise claims of ineffective assistance of trial counsel until collateral review." Several limited exceptions to the general rule have been recognized. *Commonwealth v. Blick*, 2004 PA Super 2, ¶ 6, 840 A.2d 1025 (2004) (collecting cases). For example, an ineffectiveness of counsel claim may be considered on direct appeal where the sentence imposed is of such short duration that collateral review is unlikely to occur. *Commonwealth v. Duda*, 831 A.2d 728 (Pa.Super.2003); *Commonwealth v. Ingold*, 823 A.2d 917 (Pa.Super.2003), *appeal denied*, 574 Pa. 765, 832 A.2d 435 (2003); *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003). This exception to the general rule deferring ineffectiveness claims until postconviction review is not applicable here as appellant's minimum sentence of incarceration is five years.

¶ 7 A second exception to the general rule permits a claim of ineffectiveness raised on direct appeal to be reviewed if the evidentiary record is complete regarding the development of the claim and the trial court has had the opportunity to address the claim. We recently opined:

> Since deciding *Grant*, our supreme court has held that notwithstanding the new general rule, an appellate court may "review ineffectiveness claims on direct appeal for which there is an evidentiary record developing the claims and a trial court opinion addressing those claims." *Commonwealth v. Belak*, 573 Pa. 414, 825 A.2d 1252, 1254 n. 6 (2003) (citing *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003). More succinctly, our supreme court has held that "notwithstanding *Grant*, we [will] review ineffectiveness claims on direct appeal that were addressed by the trial court[.]" *Commonwealth v. Ramos*, 573 Pa. 605, 827 A.2d 1195, 1199 n. 8 (2003) (citing *Bomar, supra* )).

*Commonwealth v. Causey*, 833 A.2d 165, 175 (Pa.Super.2003).

¶ 8 Here, although the record is complete with respect to the evidence presented at trial, the trial court never had an opportunity to address any claim of ineffectiveness based on that record. The fact that the trial court addressed the sufficien-

cy of the evidence to convict in its Rule 1925(a) opinion is of no moment, as the court was merely guessing as to what claim might be raised on appeal and never addressed the question of counsel's stewardship in any event. *See Commonwealth v. Mann,* 820 A.2d 788 (Pa.Super.2003) (when a court has to guess as to what issue might be raised on appeal, the trial court is impeded in its ability to prepare a legal analysis for meaningful review). Thus we dismiss appellant's claim alleging the ineffectiveness of trial counsel for failing to file a Rule 1925(b) statement challenging the sufficiency of the evidence without prejudice to appellant to raise it in a subsequent petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.

¶ 9 We also dismiss appellant's allegation of appellate counsel's ineffectiveness for failing to file a Rule 1925(b) statement challenging the sufficiency of the evidence. Appellant relies on our supreme court's plurality decision in *Commonwealth v. Johnson,* 565 Pa. 51, 771 A.2d 751 (2001), to support his argument that appellate counsel's own ineffectiveness may be reviewed on direct appeal. After careful review, we find appellant's reliance on *Johnson* misplaced.

¶ 10 In *Johnson,* our supreme court held that the strict waiver rule of *Lord* does not apply in cases where appellate counsel raises his or her own ineffectiveness for failing to include a claim in appellant's Rule 1925(b) statement. *Johnson,* 771 A.2d at 757. The court reasoned that to "hold otherwise would result in disparate treatment for appellants who were not provided new counsel and would discourage conscientious appellate counsel who recognize their own ineffectiveness, from bringing such claims to the court's attention at the first available opportunity." *Id.*

¶ 11 However, *Johnson* was decided some eighteen months before the court's decision in *Grant* and the continued validity of the *Johnson* plurality decision has thus been cast in doubt. In *Commonwealth v. Dent,* 2003 PA Super 457 ¶ 31 n. 9, 837 A.2d 571 (2003), a panel of this court opined:

Although Appellant argued we should reach the ineffectiveness claim on the basis of *Johnson, supra,* we wish to make eminently clear that we do not employ the *Johnson* plurality or the cases on which it relied as authority to review this claim. *Johnson* and its predecessors relied on *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), which was expressly overruled by *Grant, supra.* Moreover, we note that this court applied the *Johnson* plurality in *Commonwealth v. Mackert,* 781 A.2d 178 (Pa.Super.2001), *appeal denied,* 568 Pa. 696, 796 A.2d 980 (2002). However, the *Mackert* decision also predated *Grant.* Thus, to the extent that *Mackert* relied on *Johnson, Mackert* has been called into question by *Grant,* and is not controlling.

*Id.; see also In the Interest of B.S.,* 831 A.2d 151, 154, n. 1 (Pa.Super.2003) ("The rule in *Johnson* as adopted by this court in *Commonwealth v. Mackert,* 2001 PA Super 219, 781 A.2d 178 (Pa.Super.2001), ... has been cast in doubt by *Grant.*")

¶ 12 We agree that the continued viability of *Johnson,* permitting review of appellate counsel's allegation of his or her own ineffectiveness on direct appeal, is called into question by the effect of *Grant.* The *Johnson* plurality expressly reasoned that prohibiting review under such circumstances would discourage conscientious appellate counsel from raising allegations of their own ineffectiveness at the first available opportunity. However, it is clear that under *Grant* and its progeny, "any claim of

ineffectiveness will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity." *Grant,* 813 A.2d at 738.

¶ 13 Accordingly we dismiss appellant's claim that appellate counsel rendered ineffective assistance of counsel for failing to file a Rule 1925(b) statement challenging the sufficiency of the evidence to convict without prejudice to appellant to raise the claim under a subsequent petition for PCRA relief.

¶ 14 The claims of ineffectiveness are dismissed without prejudice and the judgment of sentence is affirmed.