J. S35006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :         PENNSYLVANIA
      v.      :
   :
BRYAN P. BIEDERMAN,         :        No. 3283 EDA 2014
   :
         Appellant     :

Appeal from the Judgment of Sentence, October 28, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001190-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 11, 2016**

Bryan P. Biederman appeals the judgment of sentence of the Court of Common Pleas of Philadelphia County which sentenced him to serve five years' probation for three counts of distribution of child pornography, 18 Pa.C.S.A. § 6312(c)(1), to concurrently serve five years' probation for ten counts of possession of child pornography, 18 Pa.C.S.A. § 6312(d)(1), and to concurrently serve two years' probation for criminal use of a communication facility, 18 Pa.C.S.A § 7512(a).  In addition, appellant was ordered to comply with the recommendations of his mental health evaluation, comply with sex offender conditions under the supervision of the Philadelphia Adult and Probation Department Sex Offenders Unit, have no unsupervised contact with minors, and abide by lifetime sex offender registration regulations as a Tier III sex offender under

Section 9799.14(d)16) of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.14(d)(16).

The record reflects that appellant used his computer from October 12, 2013 through December 17, 2013, to search, download, and distribute child pornography. He possessed at least 13 videos or images of children under the age of 13 engaging in sexual activity or nude. At least three of the videos or images were distributed to a peer file sharing network known as Gnutella-2.

Before the trial court on July 22, 2014, appellant entered an open guilty plea which the trial court accepted. On October 28, 2014, the trial court sentenced appellant. At the sentencing hearing, the Commonwealth's attorney stated that appellant would be required to register as a sex offender for the rest of his life. Appellant's attorney, Margaret Funk, Esq. ("Attorney Funk"), stated that appellant was aware that he was a Tier III offender and agreed that she would have appellant sign a form acknowledging that he was required to register for the remainder of his life. (Notes of testimony, 10/28/14 at 11.) When Attorney Funk explained the lifetime registration requirement to appellant and asked him if he understood it, he replied, "Yes, I just don't understand life time though." (*Id.* at 12.) On October 28, 2014, appellant signed the notification of registration and verification requirements under SORNA which indicated that he was required

to register for life under SORNA with the Pennsylvania State Police. Appellant timely appealed the judgment of sentence.

Appellant raises the following issue for this court's review:

> Should not appellant have been classified as a Tier I offender requiring 15 years of registration rather than lifetime registration when [appellant] pled guilty to 13 counts of sexual abuse of children, involving possession and distribution of child pornography arising out of the same criminal episode, as he did not have "two or more convictions of offenses listed as Tier I or Tier II sexual offenses" as required by 42 Pa.C.S.A. § 9799.14?

Appellant's brief at 2.

This court's review is limited to a determination of whether the trial court committed an error of law. ***Commonwealth v. Mackert***, 781 A.2d 178, 185 (Pa.Super. 2001).

The Commonwealth asserts that appellant waived the issue he brings before this court because he did not raise it before the trial court at his plea hearing, his sentencing hearing, or in a post-sentence motion.

Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. ***Commonwealth v. Wallace***, 533 A.2d 1051, 1053 (Pa.Super. 1987).

A review of the record supports the Commonwealth's contention that appellant failed to raise this issue at any point before the trial court. Appellant did not raise this issue at the time of his guilty plea, at sentencing, or in a post-sentence motion. This court agrees with the Commonwealth

J. S35006/16

that appellant failed to preserve the issue he brings to this court for our review.[1]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016

---

[1] As a result, this court need not consider the merits of appellant's appeal.

- 4 -