831 A.2d 151 (2003)
In the Interest of: B.S., a Minor, Appellant.
Superior Court of Pennsylvania.
Submitted May 19, 2003.
Filed August 14, 2003.
*152 Helen R. Santoro, Pittsburgh, for appellant.
Michael W. Streily, Deputy Dist. Atty., and Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.
BEFORE: FORD ELLIOTT, OLSZEWSKI, JJ., and McEWEN, P.J.E.
OPINION BY OLSZEWSKI, J.:
¶ 1 B.S. (appellant) appeals the commitment order of October 31, 2002, entered following the Juvenile Court's finding him delinquent for having committed burglary, *153 18 Pa.C.S.A. § 3502; theft, 18 Pa.C.S.A. § 3921; and receiving stolen property, 18 Pa.C.S.A. § 3925. We find that appellant has not waived his claims and furthermore, as the evidence was insufficient to have sustained the finding of delinquency, we reverse the order.
¶ 2 At trial, the following facts were presented.
[The victim] testified that on May 16, 2002, she left her home between 1:00 and 1:15 p.m. As she was leaving her home, she saw a boy, who she later positively identified as appellant, near her home. She stated that at the time that she saw appellant, that appellant seemed a little jumpy and it made her feel uneasy. She observed that appellant was wearing batting gloves and looking at the side of her house. She added that when she left her home, all of the windows and doors were locked except a second floor sliding window.
[The victim] testified that she returned to her residence at approximately 2:30 p.m. About one-half hour later, [the victim] went upstairs and found that her bedroom had been ransacked. She discovered that jewelry and other items had been taken.
[Appellant's trial counsel] presented Ms. Pisani and appellant's father as alibi witnesses to show that appellant could not have committed the burglary because he was either at school or home at the time of the burglary.
Trial Court Opinion, 1/9/03, at 3.
¶ 3 Appellant timely filed his notice of appeal on November 7, 2002, and was then ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant was granted an extension of time, but failed to file his statement in a timely manner.
¶ 4 In his brief, appellant raises the following layered issues for our consideration. As a threshold inquiry, he asks, "[w]as appellate counsel ineffective for failing to properly preserve B.S.'s issues on appeal in a timely fashion, and regardless of counsel's ineffectiveness, should not the Superior Court address the merits of B.S.'s appellate claims under Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751 ([Pa.] 2001) and its progeny?" Appellant's brief at 5. He then raises two underlying issues should we agree that we should review the merits of his appeal. First, "[d]id the trial court err in adjudging B.S. delinquent on the charges of burglary, theft, and receiving stolen property based on legally insufficient evidence?" Id. Then, "[i]n the alternative, was the adjudication of delinquency against the weight of the evidence and was trial counsel ineffective for failing to file a post-sentence motion for a new trial pursuant to Pa.R.Crim.P. 607." Id. As we answer the first two questions in the affirmative, we need not address the third.
¶ 5 We therefore turn first to the aforementioned threshold question of whether we should address the merits of appellant's appeal. Appellant failed to file a 1925(b) statement as directed by the trial court. The trial court asserts in its opinion below that this failure should result in waiver of all appellant's claims and dismissal of his appeal. Appellant, however, asserts that Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751 (2001) (plurality opinion), allows us to reach the merits of his appeal where his counsel alleges his own ineffectiveness for not preserving the appealable issues. Instantly, appellant's counsel contends that she was ineffective for failing to timely file a 1925(b) statement as ordered.
¶ 6 Putting aside for the moment the question of whether Johnson allows us to hear appellant's underlying claims, we *154 must first examine whether our Supreme Court's subsequent ruling in Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002), allows us to address appellant's ineffectiveness claim here on direct appeal. We find that under the instant facts, we may review appellant's ineffectiveness claim.
¶ 7 In Grant, the Supreme Court held that as a general rule, ineffectiveness of counsel claims should be held for collateral review. Id. This review is most commonly a petition under the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541 et seq. As this is a juvenile case, and not a criminal one, Grant does not apply. In re A.J., 829 A.2d 312 (Pa.Super.2003).
¶ 8 Practical difficulties in applying Grant persuade us that to apply the procedures suggested by Grant to juvenile cases would be improper. Our Supreme Court's decision in Grant is quite clearly focused towards the treatment of ineffectiveness claims of criminal defendants. While the Court uses the broader term "collateral relief" and "collateral proceedings," it speaks of the PCRA often and uses the term interchangeably with the above broader terms. See generally Grant, 813 A.2d 726. The collateral relief it is quite clearly referring to is a petition under the PCRA. The PCRA, however, does not apply to juveniles. Matter of J.P., 573 A.2d 1057 (1990); 42 Pa.C.S.A. § 6354(a) (An order of delinquency "is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction."); see also In Interest of DelSignore, 249 Pa.Super. 149, 375 A.2d 803, 806 n. 3 (1977) (PCHA did not apply to juveniles). Nor does the Juvenile Act, 42 Pa.C.S.A. §§ 6301 et seq., provide for any alternative collateral relief for those judged delinquent. The absence of a collateral proceeding would require juveniles to rely on a writ of habeas corpus in order to effectuate an ineffective assistance of counsel claim. 42 Pa.C.S.A. §§ 6501 et seq. This proceeding, however, is limited to those juveniles who have been detained. 42 Pa.C.S.A. § 6503; U.S. ex rel. Kirk v. Kirkpatrick, 330 F.Supp. 821 (E.D.Pa. 1971). Furthermore, the writ is an extraordinary remedy and will not be entertained when other remedies exist. Commonwealth ex rel. Paulinski v. Isaac, 483 Pa. 467, 397 A.2d 760 (1979). As such, a juvenile's attempt to initiate a collateral proceeding would often be frustrated and his attempt to litigate an ineffectiveness of counsel claim futile. We must therefore address appellant's ineffectiveness claim here, on direct appeal. C.f. In the Interest of S.W., 781 A.2d 1247, 1249 (Pa.Super.2001) (In a termination of parental rights case, "[a]ny determination as to ineffectiveness of counsel must be raised expeditiously in the context of the original appeal, as a collateral attack by post decree petition and/or appeal, after normal appeals have been exhausted is not permissible.").
¶ 9 We turn now to appellant's ineffectiveness claim. As stated above, appellant argues that he should not be barred from having his underlying claims heard, as his failure to file a Pa.R.A.P. 1925(b) statement was the result of his counsel's ineffectiveness. We agree.[1]
*155 ¶ 10 A juvenile judged to be delinquent has a right to appeal. In Interest of A.P., 421 Pa.Super. 141, 617 A.2d 764 (1992). Furthermore, a juvenile has the right to effective assistance of counsel on appeal. Id.; 42 Pa.C.S.A. § 6337. This right includes, at a minimum, the right to have counsel properly preserve and effectuate his appeal. Interest of A.P., 617 A.2d 764. Therefore, whereas in a normal ineffectiveness claim we would begin by discussing whether the underlying claim had merit, failure by appellate counsel to preserve appellate rights constitutes ineffectiveness of counsel per se. Id. Appellant's counsel, to her credit, has recognized her own ineffectiveness in failing to timely file a 1925(b) statement and thus risking waiver of her client's appellate issues under Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998) (failure to include claims in 1925(b) statement results in waiver of those claims). There was no doubt as to her client's desire to appeal the order of delinquency. Counsel, however, failed to preserve this right. This constitutes ineffectiveness per se.
¶ 11 The typical remedy for such ineffectiveness is to remand for an appeal nunc pro tunc. In Interest of A.P., 617 A.2d at 768. Where the issues have been briefed by both parties and the record is complete however, we may, in the interests of judicial economy, address the merits of appellant's allegations of error.[2]Id.
¶ 12 Appellant first alleges that the evidence was insufficient to support the trial court's finding that he had committed the acts of burglary, theft, and receiving stolen property. In order to sustain an adjudication of delinquency, the due process clause of the United States Constitution requires that the Commonwealth present evidence that, when viewed in the light most favorable to the Commonwealth, is sufficient to establish that the juvenile committed the accused act beyond a reasonable doubt. In the Interest of A.D., 771 A.2d 45, 47 (Pa.Super.2001).
¶ 13 To sustain a finding that appellant committed burglary, the Commonwealth must show that appellant entered the victim's house with the intent to commit a crime therein. 18 Pa.C.S.A. § 3502. To sustain a finding that appellant committed theft, the Commonwealth must show that appellant "has unlawfully and without permission taken or exercised unlawful control over the property of another with the intent to deprive the other of it." Commonwealth v. Hargrave, 745 A.2d 20, 23 (Pa.Super.2000). Finally, to convict appellant of receiving stolen property, the Commonwealth must show "(1) that the property ... had been stolen; (2) that appellant received, retained or disposed of such property; and (3) that he knew or had reason to believe that the property in question was stolen." Commonwealth v. Brady, 385 Pa.Super. 279, 560 A.2d 802, 806 (1989).
¶ 14 The only evidence linking appellant to any of the above acts was his presence outside the victim's house. Appellant argues, and the Commonwealth concedes, that this is not enough to sustain the finding that appellant committed the alleged delinquent acts. We agree.
¶ 15 Appellant's presence at the scene is insufficient to prove that appellant entered the victim's house as required for *156 burglary, Hargrave, 745 A.2d at 23, that he took the victim's property as required for theft, Id., or that he was ever in possession of the victim's property. Brady, 560 A.2d 802. In fact, mere presence at the scene is insufficient to prove any criminal intent. Hargrave, 745 A.2d at 23. Therefore, appellant's adjudication of delinquency must be reversed.
¶ 16 Finally, as we have concluded that the evidence was insufficient to support a finding that appellant committed burglary, theft, or receiving stolen property, we need not address appellant's weight of the evidence claim.
¶ 17 ORDER REVERSED. Jurisdiction relinquished.
NOTES
[1] Both appellant and the Commonwealth utilize Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751 (2001) (plurality opinion), as support for their position that we should reach the merits of the underlying claims brought by appellant. The rule in Johnson as adopted by this Court in Commonwealth v. Mackert, 781 A.2d 178 (Pa.Super.2001), however, as noted above, has been cast in doubt by Grant. In Interest of A.P., 421 Pa.Super. 141, 617 A.2d 764 (1992), on the other hand, provides essentially the same result, but was created in the context of an order of juvenile delinquency, and therefore, as stated above, remains unaffected by Grant.
[2] We note that even though the trial court argued that appellant's issues should be considered waived in his opinion, he addressed the issues appellant has presented. Trial Court Opinion, 1/9/03, at 2-4.