J-S50035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: E.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF E.S., A MINOR | No. 2677 EDA 2014 |

Appeal from the Dispositional Order August 25, 2014
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-1000230-2013

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 16, 2015**

Appellant E.S., a minor, appeals from the dispositional order entered in the Philadelphia County Court of Common Pleas following his adjudication of delinquency for harassment[1] and indecent assault.[2] After careful review, we affirm.

On November 4, 2013, the juvenile division of the Montgomery County Court of Common Pleas conducted a hearing in which minor victim K.K. testified that Appellant touched her vagina over her clothing, on three separate occasions, while the two of them were in an eleventh grade class together. N.T., 11/4/13, at 22-23. K.K. testified that Appellant threatened

---

[1] 18 Pa.C.S. § 2709(a)(4).

[2] 18 Pa.C.S. § 3126(a)(1).

to kill K.K. if she told anyone about the incident, and that he was going to force K.K. to "fuck him." *Id.* at 25-26. Classmate S.M. testified that he witnessed Appellant touch K.K. under the table in class on one occasion. *Id.* at 8.

Appellant testified that he did not threaten K.K. or touch her vagina, but rubbed her knee and thigh once while in class to "calm her down" when she was upset about something, because she was his girlfriend. *Id.* at 61, 63, 64. Classmate H.G. testified that K.K. told him Appellant was her boyfriend and that she did not want anyone to know about their relationship. *Id.* at 81. Teacher Joanne Thern testified that she and another teacher were in the six-person class at all times, and she did not observe the incidents of offensive touching. *Id.* at 50-52. K.K.'s counselor, Annette Sudler-Brown, testified that K.K. does not have a good reputation for truthfulness and honesty, and has embellished stories. *Id.* at 56.

The juvenile court credited K.K.'s testimony, found Appellant's testimony unreliable, and found Appellant guilty of harassment and indecent assault. The court acquitted Appellant of charges of the summary offense of harassment, terroristic threats, and indecent assault by forcible compulsion. The court transferred the case to Philadelphia, with the adjudication withheld, to give Appellant an opportunity to have a hearing on whether he needed supervision, treatment or rehabilitation.

On August 25, 2014, the juvenile division of the Philadelphia County Court of Common Pleas adjudicated Appellant delinquent, required him to

- 2 -

remain in secure detention at Philadelphia Juvenile Justice Services Center, and committed him to a residential facility at the Pennsylvania State Department of Public Welfare for appropriate placement.

On September 10, 2014, Appellant timely filed a notice of appeal. On September 29, 2014, the Philadelphia County Court of Common Pleas ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on October 17, 2014. On December 15, 2014, the Philadelphia County Court of Common Pleas filed an opinion pursuant to Pa.R.A.P. 1925(a). On December 26, 2014, the Montgomery County Court of Common Pleas filed an opinion pursuant to 1925(a), which addressed Appellant's issue.

Appellant raises the following issue for our review:

> WAS NOT APPELLANT, A JUVENILE, DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS ATTORNEY FAILED TO PRESENT CHARACTER EVIDENCE ON HIS BEHALF DURING A CONTESTED ADJUDICATORY HEARING AT WHICH CREDIBILITY WAS A CRITICAL ISSUE AND WHERE APPELLANT HAD NO PRIOR ADJUDICATIONS OR CONVICTIONS?

Appellant's Brief at 3.

As a prefatory matter, we must consider whether Appellant's claim is properly before this Court.

"It is clear that a juvenile has the right of appeal following his initial disposition." *In re M.D.*, 839 A.2d 1116, 1118 (Pa.Super.2003). "The order of disposition in a juvenile matter is akin to the judgment of sentence

in a criminal matter in that both are final orders subject to appeal." **Id.** at 1119.

Generally, "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ("PCRA")[3]] review". **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa.2013). However, "[b]ecause of a juvenile's lack of access to collateral review, we have concluded that it is necessary to review a juvenile's ineffective assistance of counsel claims on direct appeal, when properly raised." **In re K.A.T., Jr.**, 69 A.3d 691, 698 (Pa.Super.2013), *appeal denied,* 81 A.3d 78 (Pa.2013) (quoting **In re B.S.,** 831 A.2d 151 (Pa.Super.2003)).

Pa.R.J.C.P. 620 provides a mechanism for a juvenile to raise an ineffective assistance of counsel claim:

> A. *Optional Post-Dispositional Motion.*
>
> 1) The parties shall have the right to make a post-dispositional motion. All requests for relief from the court shall be stated with specificity and particularity, and shall be consolidated in the post-dispositional motion.
>
> 2) Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.
>
> B. *Timing.*
>
> \*    \*    \*

---

[3] 42 Pa.C.S. §§ 9541-9546.

> 3) If a post-dispositional motion is not timely filed, ***a notice of appeal shall be filed within thirty days of the imposition of disposition***.

237 Pa. Code § 620 (emphasis added).

This Court Observed:

> The ***only available mechanism to raise ineffective assistance of counsel claims is Pa.R.J.C.P. 620***. However, the Supreme Court made clear that an appellant cannot be sanctioned for failing to raise these claims in a Pa.R.J.C.P. 620 motion, because such a motion is, by the express terms of the rule, optional. If we were to apply our waiver principles to ineffective assistance of counsel claims, the juvenile would not have the benefit of the PCRA, or any other meaningful collateral mechanism, either to raise those claims for the first time or to seek a remedy for failing to properly preserve them in the first instance.

***K.A.T.***, 69 A.3d at 699 (some internal citations omitted) (emphasis added).

The Commonwealth and the Montgomery County Court of Common Pleas contend Appellant should have filed a motion for *nunc pro tunc* relief in the Montgomery County Court within sixty (60) days of the hearing in which the alleged ineffectiveness took place, pursuant to Pa.R.J.C.P. 622.[4] Commonwealth's Brief at 7-9; Montgomery County Pa.R.A.P. 1925(a) Opinion, filed December 29, 2014, ("Opinion") at 6-13. The court submits: "To allow a Juvenile to plead or otherwise pursue a claim of ineffective

---

[4] Pa.R.J.C.P. 622 became effective April 1, 2012, after the appellant in ***K.A.T.*** filed his notice of appeal, but before this Court filed its opinion.

assistance of counsel in a manner other than by filing a motion pursuant to rule 622 would defeat the policy objectives of the rule."  Opinion at 10.

Pa.R.J.C.P. 622 provides:

**§ 622. Motion for *Nunc Pro Tunc* Relief.**

A. *Timing*. A motion for *nunc pro tunc* relief **shall be filed** by the juvenile with the clerk of courts in the court **in which the alleged error occurred** as soon as possible but **no later than sixty days after the date that the error was made known**.

B. *Counsel*. If alleged ineffective assistance of counsel is the basis for the motion, counsel is to withdraw pursuant to Rule 150(C) and the judge shall assign new counsel.

C. *Contents of Motion*. A motion for relief under this rule **shall include**:

1) the name of the juvenile and case docket number;

2) the location of the juvenile;

3) **the delinquent act(s) for which the juvenile was adjudicated delinquent**;

4) if ineffective assistance of counsel is alleged, the name of counsel who allegedly rendered ineffective assistance;

5) the relief requested;

6) a statement that one of the following requirements for the relief has been met:

a) there is a need for correction of an error to accurately reflect the court's findings; or

b) allegations that:

> 1) the ***juvenile has been adjudicated delinquent and is under the court's supervision***;
>
> 2) there is a legitimate basis for the relief requested; and
>
> 3) there are sufficient facts upon which to conclude the delay was justified and should be overlooked in the interest of justice;

7) the facts supporting the grounds for relief and sufficient facts to support any delay in filing the motion for relief that:

  a) appear in the record, and the place in the record where they appear; and

  b) do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts;

8) whether the grounds for the relief requested were raised before, and if so, at what stage of the proceedings;

9) a verification that the facts set forth in the motion are true and correct to the best of the movant's personal knowledge or information and belief and that any false statements are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities;

10) if applicable, any request for an evidentiary hearing, including:

  a) a signed certification by counsel as to each intended witness, stating the:

  i) witness's name;

  ii) witness's address;

  iii) witness's date of birth; and

iv) the substance of the witness's testimony; and

b) any documents material to the witness's testimony, attached to the motion; and

11) if applicable, any request for discovery.

D. *Answer*.

1) The Commonwealth may answer the motion. If the Commonwealth chooses to respond to the motion, such response shall:

a) be submitted within ten days of receipt of the motion; and

b) include a verification that the facts set forth in the answer are true and correct to the best of the attorney's personal knowledge or information and belief and that any false statements are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities;

2) The court may order the Commonwealth to file an answer within a timeframe established by the court.

**Official Note:** Rule 622 adopted February 23, 2012, effective April 1, 2012.

237 Pa. Code § 622.

In this case, the Montgomery County Court of Common Pleas found Appellant guilty of harassment and indecent assault after the hearing in which the alleged ineffective assistance of counsel occurred on November 4, 2013. The court, however, withheld adjudication of delinquency and disposition for the Philadelphia County Court of Common Pleas, which adjudicated Appellant delinquent and issued its disposition on August 25,

2014. Thus, Appellant could not have filed a motion for *nunc pro tunc* relief within sixty (60) days of the alleged error and included in his motion the acts for which he was adjudicated delinquent. Under these circumstances, Pa.R.J.C.P. 622 does not provide Appellant with another means to raise an ineffective assistance of counsel claim.[5] Thus, we proceed to the merits of Appellant's claim.

Appellant argues that his counsel was ineffective for failing to present character witnesses to testify to his law-abiding nature, because credibility was critical to his case due to the two conflicting witness accounts. Appellant concedes that lack of a criminal record is not admissible as character evidence at trial, but argues that character evidence about his trait of being law abiding, with no prior convictions, would have bolstered his defense. He concludes that we should find counsel *per se* ineffective or remand his case for an evidentiary hearing on his claim. We disagree.

Our standard of review of dispositional orders in juvenile proceedings is well settled: "The Juvenile Act grants broad discretion to the court when determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion." **In re R.D.**, 44 A.3d 657, 664

_____

[5] We need not address whether Pa.R.J.C.P. 622 could preclude a juvenile appellant from bringing an ineffective assistance of counsel claim on direct appeal in other circumstances.

(Pa.Super.2012), *appeal denied* 56 A.3d 398 (Pa.2012) (quoting *In re R.D.R.,* 876 A.2d 1009, 1013 (Pa.Super.2005)) (internal citation omitted).

"With regard to ineffectiveness claims, counsel is presumed to be effective, and the appellant bears the burden of proving otherwise." *K.A.T.*, 69 A.3d at 699 (quoting *In re A.D.,* 771 A.2d 45, 50 (Pa.Super.2001)). When reviewing claims of ineffective assistance of counsel:

> We must first consider whether the issue underlying the charge of ineffectiveness is of arguable merit. If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. If there is arguable merit to the claim, we must then determine whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. The burden of producing the requisite proof lies with Appellant.

*Id.*

"Evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all the evidence presented in the case on the general issue of guilt or innocence." *Commonwealth v. Hull*, 982 A.2d 1020, 1023 (Pa.Super.2009).

> [C]haracter evidence is critical to a jury's determination of credibility. *Commonwealth v. Weiss,* 606 A.2d 439 (Pa.1992). The failure to present available character evidence may constitute ineffective assistance of counsel. *Commonwealth v. Harris,* 785 A.2d 998 (Pa.Super.2001).

*Hull*, 982 A.2d at 1023.

However,

The failure to call character witnesses does not constitute *per se* ineffectiveness. ***Commonwealth v. Cox***, 983 A.2d 666, 693 (Pa.2009) (citation omitted). In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Puksar***, 951 A.2d 267, 277 (Pa.2008) (citation omitted).

***Commonwealth v. Treiber***, ____ A.3d ____, 2015 WL 4886374, at *23 (Pa. Aug. 17, 2015.).

Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character* involved in the commission of the crime charged.

***Commonwealth v. Johnson***, 27 A.3d 244, 248 (Pa.Super.2011).

Under Pennsylvania Rule of Evidence 404(a)(1), a "person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Pa. R.E. 404(a)(1). Under Rule 404(a)(2)(A), a criminal defendant may introduce evidence of a "pertinent" character trait. "Pertinent" means relevant to the crimes charged. ***Commonwealth v. Minich***, 4 A.3d 1063, 1071 (Pa.Super.2010).

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa.Super.2015).

Here, Appellant and K.K. presented conflicting testimony and the Montgomery County court based its findings on credibility. Appellant's counsel failed to present any character evidence to promote Appellant's credibility. Appellant submits that counsel should have presented character evidence concerning only his "trait of being law abiding", but fails to specify any witnesses who would have testified on behalf of his law-abiding character. Appellant's Brief at 18. Thus, even if Appellant's trait of being law-abiding was pertinent to the crimes of harassment and indecent assault, his underlying issue lacks arguable merit.

Moreover, character evidence concerning Appellant's law-abiding nature would not have affected the outcome of the trial.

In making its determination, the Montgomery County Court of Common Pleas reasoned:

> [Ms. Joanne] knows both of these kids. She said that she never saw anything that happened under the table. I view her like I do a couple of the witnesses. It's kind of a no harm no foul witness… I think things could have happened under the table that that lady didn't see.
>
> *   *   *
>
> [Appellant] was a little bit of a bob and weaver around the truth, especially on cross-examination. He seemed to have an answer for everything. Quickly tried to wrap everything up and make it look like a present with a big red bow. It was a little too pat for me.
>
> *   *   *

- 12 -

I believe [K.K.] when she tells me that you were inappropriate. I think [Appellant] did do this. I think [he] didn't get the boundaries and touched her.

N.T., 11/4/13, at 97-98, 99, 103.

After finding him guilty of the offenses, the court was apprised of Appellant's law-abiding nature when it ascertained that Appellant did not have a prior record:

> THE COURT: I will…withhold adjudication. Is this his first arrest?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> [PROSECUTOR]: Yes, it is, Your Honor.
>
> THE COURT: Okay. So I hope you heard what I said, young man. You were out of line here. You need to know that. And I made my decision fair and square. I listened very carefully here. So you've got to learn about boundaries, and, you know, when it's not okay. What I'm going to do is withhold adjudication, send it to Philadelphia.

N.T., 11/4/13, at 106-107.

The Philadelphia County Court of Common Pleas was aware that Appellant was "law-abiding" and did not have a prior record of arrests or convictions before his present crimes when it adjudicated him:

> THE COURT: And this is an adjudication of delinquency based upon all of the violations, the fact that I have attempted to have [Appellant] treated without adjudicating him and that just has not fared well. So the court does find him in need of treatment, supervision, and rehabilitation.

N.T., 8/25/14, at 7.

- 13 -

Because Appellant's claim lacks arguable merit and he was not prejudiced by his counsel's failure to present character evidence of his law-abiding nature, we need not remand for an evidentiary hearing to see if counsel had a reasonable basis for his action. *See K.A.T.*, *supra; see also Commonwealth v. Petras*, 534 A.2d 483, 485 (Pa.Super.1987) ("[R]emand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness… [I]f it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary.").

Appellant failed to prove his counsel was ineffective, and the court did not abuse its discretion in adjudicating him delinquent and determining his disposition. Therefore, we affirm.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2015

- 14 -