J-A19030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: N.K., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1904 EDA 2022 |

Appeal from the Dispositional Order Entered July 11, 2022
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No:  CP-51-JV-0000818-2020

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.*

MEMORANDUM BY STABILE, J.:                 **FILED DECEMBER 12, 2023**

Appellant, N.K., a minor, appeals from the July 11, 2022 order entered in the Juvenile Division of the Philadelphia County Court of Common Pleas, denying his motion for relief *nunc pro tunc*.  Upon review, we reverse the July 11, 2022 order and remand with instructions.

The underlying facts leading to Appellant's arrest are not the focus of this appeal.  Rather, our focus is on the events that occurred following Appellant's May 2020 arrest when he was 17 years old and was charged in relation to multiple incidents that occurred between 2014 and 2018.

Attorney Thomas Kenney ("Private Counsel") entered an appearance on Appellant's behalf in May 2020 and continued his representation into 2022,

_____

* Retired Senior Judge assigned to the Superior Court.

during which time a number of adjudicatory hearings were conducted and Appellant was largely on GPS monitoring and in-home detention.

During a July 27, 2021 adjudicatory hearing before the Honorable Robert J. Rebstock, Appellant tendered an admission to a charge of Sexual Assault, 18 Pa.C.S.A. § 3214.1, a second-degree felony. The remaining charges against him were withdrawn/nolle prossed.[1] Following the hearing, Appellant was placed on deferred adjudication. He remained subject to, *inter alia*, in-home detention; was placed on interim probation; and was ordered to complete treatment at the Joseph J. Peters Institute ("JJPI") and to attend school, while being subject to a stay-away order. Appellant again appeared before Judge Rebstock in September and December of 2021 and remained subject to the same conditions.

As the juvenile court (the Honorable Jospeh Fernandes) explained:

> On February 1, 2022, [Appellant] was to appear in front [of] the Honorable Joseph Fernandes but did not appear; however, his Private Counsel appeared telephonically. The Probation Officer was ordered to serve the outcome order. [Appellant] remained on deferred adjudication, interim probation, and [Philadelphia Youth Advocacy Program ("PYAP")] in-home detention. He was also ordered to complete treatment at JJPI and was also referred to [Assessment and Treatment Alternatives ("ATA")] for sex offender treatment. [Appellant] was ordered to appear at the next date.

_____

[1] The additional charges included Rape—Forcible Compulsion (F1), 18 Pa.C.S.A. § 3121(A)(1); Involuntary Deviate Sexual Intercourse—Forcible Compulsion (F1), 18 Pa.C.S.A. § 3123(A)(1); Indecent Assault (complainant less than 13 years of age) (F3), 18 Pa.C.S.A. § 3126(A)(7); and Recklessly Endangering Another Person (M2), 18 Pa.C.S.A. § 2705.

On February 9, 2022, [Appellant] appeared in front of the Honorable Joseph Fernandes and his deferred adjudication was revoked as a result of non-compliance with his conditions. [Appellant] had been previously arrested as an adult in January 2022. Private Counsel was present. [Appellant] was adjudicated delinquent on the charge of Sexual Assault. He was placed on probation with the Juvenile Enforcement Unit ("JET"), due to being considered high risk, [and was discharged from in-home detention, placed on GPS monitoring with permission to attend school, and ordered to attend sex offender treatment and to follow all probation directives regarding that treatment].

Opinion, 12/1/22, at 4-5. As Appellant recounts,

No statement was made on the record to inform [Appellant] of his post-dispositional rights, either by the court or by counsel. [Private Counsel] did not speak with [Appellant] about filing a motion for reconsideration that day or at any subsequent point, and no motion was filed by [Private Counsel] on [Appellant's] behalf.

Appellant's Brief at 12.

In its December 1, 2022 opinion, the juvenile court summarized the additional proceedings conducted during 2022. As reflected in that summary, Private Counsel did not attend any proceedings after the February 9, 2022 hearing during which Appellant was adjudicated. Nevertheless, Private Counsel remained attorney of record as of a March 15 and April 22, 2022 review hearings, both of which were held before a judicial court hearing officer. During the April 22, 2022 review hearing, the Public Defender was verbally appointed. Although Private Counsel remained of record when another review hearing was conducted on June 1, 2022, only the Public Defender was present on Appellant's behalf at that proceeding. At the conclusion of the June 1 hearing, Appellant was ordered to remain on probation and GPS with a curfew,

area restrictions, and a stay-away order; to attend school; and to continue TAP. Opinion, 12/1/22, at 5.

On the same day, which was fewer than sixty days after counsel's appointment, the Public Defender filed a Motion for *Nunc Pro Tunc* Relief in accordance with Pa.R.J.C.P. 622,[2] claiming ineffectiveness of Private Counsel and seeking withdrawal of Appellant's admission relating to Sexual Assault[3] and reinstatement of Appellant's post-dispositional rights.

A hearing was subsequently scheduled for June 28, 2022, before a hearing officer rather than the juvenile court judge. Consequently, Appellant did not believe it was scheduled in response to the *nunc pro tunc* motion. Appellant's Brief at 14.

Appellant's *nunc pro tunc* motion was addressed at a dispositional hearing before Judge Fernandes on July 11, 2022. As Appellant asserts:

> Before hearing from [the Public Defender], and without holding an evidentiary hearing, the juvenile court denied the motion [at the July 11, 2022 hearing]. Counsel requested to be heard and argued that [Appellant] should be granted the ability to pursue post-dispositional relief. Specifically, new counsel averred that on February 9th, [Private Counsel] stated in from of P.O. McGlinn and the court staff that he would file a motion to reconsider the

---

[2] Rule 622 directs that a Motion for *Nunc Pro Tunc* Relief be filed "as soon as possible but no later than sixty days after the date that the error was made known." Pa.R.J.C.P. 622(A).

[3] We note that Pa.R.J.C.P. 407(A)(4) authorizes the withdrawal of an admission *prior* to the court entering the dispositional order. However, after entry of the dispositional order, an admission may be withdrawn only upon a demonstration of manifest injustice.

adjudication, but then ceased all contact with [Appellant] and failed to appear at subsequent hearings, calling into question counsel's effectiveness. New counsel also argued the [Appellant] was presumed innocent of his charges in adult court, calling into question the basis for the adjudication of delinquency. Further, new counsel explained that [Appellant] effectively had no counsel during the ten-day period he had to assert post-dispositional rights (or 30 days to appeal), and he therefore lost his opportunity to do so. The juvenile court maintained its position and denied the Motion.

Appellant's Brief at 14-15 (citations to Notes of Testimony from 7/11/22 omitted).

This timely appeal followed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant asks us to consider the following two issues:

1. Did the juvenile court abuse its discretion in denying a juvenile the right to litigate, nunc pro tunc, whether his admission should be withdrawn and a new hearing held, where all the requirements for a movant seeking such relief were established and substantively supported by sufficient averments of ineffective assistance of prior counsel?

2. Should the juvenile court's denial of nunc pro tunc relief be reversed and the matter remanded for an evidentiary hearing on Appellant's Nunc Pro Tunc Motion where the court failed to abide by the juvenile court's procedural requirements under Pa.R.J.C.P. 625 and 628, to wit:

   (a) the court did not follow the relevant procedures for dismissing a juvenile's motion for nunc pro tunc relief, including failing to either give notice of its proposed dismissal of the request for relief, or permit the presentation of evidence in support of the request at a hearing; and

   (b) the court did not state findings of fact and conclusions of law either in court or in writing to support its dismissal of the motion.

Appellant's Brief at 6.

We first note that

> [a] juvenile judged to be delinquent has a right to appeal. ***Interest of A.P.***, [617 A.2d 764 (Pa. Super. 1992)]. Furthermore, a juvenile has the right to effective assistance of counsel on appeal. ***Id.;*** 42 Pa.C.S.A. § 6337. This right includes, at a minimum, the right to have counsel properly preserve and effectuate his appeal. ***Interest of A.P.***, 617 A.2d 764.

***In re B.S.***, 831 A.2d 151, 155 (Pa. Super. 2003). We reiterate that

> [c]ounsel is presumed effective and the burden of proving otherwise lies with the appellant. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). In order to successfully demonstrate ineffective assistance of counsel, the petitioner must establish: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability the outcome of the proceedings would have been different. ***Commonwealth v. Miller***, 560 Pa. 500, 746 A.2d 592 (2000).

***In re R.S.***, 847 A.2d 685, 687-88 (Pa. Super. 2004).

Appellant has framed his first issue to encompass (1) withdrawal of his admission on the Sexual Assault charge and (2) the grant of a new hearing regarding the July 11, 2022 dispositional order. However, we shall limit our analysis to the second aspect of his stated issue, *i.e.*, whether the juvenile court abused its discretion when it denied Appellant's Motion for *Nunc Pro Tunc* relief in light of Appellant's assertion of Private Counsel's ineffectiveness for failing to seek reconsideration of, or an appeal from, Appellant's February 9, 2022 delinquency adjudication.

In its opinion, the juvenile court explained its basis for concluding that Appellant's *nunc pro tunc* motion was untimely. The juvenile court attributed knowledge of Appellant's delinquency adjudication to the Public Defender prior to April 22, 2022, when the Public Defender was first appointed to represent Appellant in this matter. Because the Public Defender represented Appellant on his "adult matter" beginning in January 2022, the court stated that it was "reasonable for the trial court to infer that the Public Defender knew, or should have known, . . . since March 15, 2022, that an alleged error may have occurred." Opinion, 12/1/22, at 8.

As the Commonwealth appropriately observes:

> [T]he court suggested that the motion was untimely under Rule 622(A) because [Appellant] did not challenge his prior counsel's performance within sixty days of when prior counsel had ceased to represent him. In this regard, the court emphasized that an attorney for the Defender Association was present at the hearing in March of 2022 at which prior counsel failed to appear. But the Defender Association attorney did not speak or play any substantive role in that proceeding. Nor would he have had occasion at the time to undertake an investigation of prior counsel's overall performance. Moreover, within sixty days of being appointed counsel in April 2022, he duly filed the motion *nunc pro tunc.* Therefore, that motion was properly before the court below.

Commonwealth Brief at 11 (citations omitted). We agree. We find that the juvenile court abused its discretion by rejecting Appellant's motion as untimely filed.

While acknowledging that Appellant's motion was properly before the court below, the Commonwealth suggests that the record is lacking in

evidence that Private Counsel did not have any contact with Appellant following the February 9, 2022 adjudicatory hearing. As the Commonwealth recognizes:

> It is undisputed that prior counsel did not appear to represent [Appellant] at the hearing on March 15, 2022. But that was after the time period for filing optional post-dispositional motions, as well as a notice of appeal, had already expired. **See** Pa.R.J.[C.]P. 620. Thus, at a minimum, a remand is necessary so that [Appellant] may present evidence at a hearing that prior counsel did not, in fact, consult with him following his adjudicatory hearing as he alleges. Additionally, [Appellant] will need to establish that he was prejudiced by counsel's failure to file post-dispositional motions. **See Commonwealth v. Reaves**, [923 A.2d 1119 (Pa. 2007)]. That would not be the case if the motions lacked merit or would not have resulted in any benefit.

Commonwealth Brief at 12 (footnote omitted).

We agree with the Commonwealth's analysis and its proposed resolution. Therefore, having determined that the juvenile court abused its discretion by rejecting Appellant's Motion for Relief *Nunc Pro Tunc* as untimely, we remand with instruction to conduct an evidentiary hearing so that Appellant may present evidence regarding his contact, or lack thereof, with Private Counsel following the February 9, 2022 adjudicatory hearing. In the event the court determines that Private Counsel was ineffective, and that Appellant suffered prejudice as a result, the court shall reinstate Appellant's post-dispositional rights.[4]

_____

[4] Having determined that the second element of Appellant's first issue is dispositive, we decline to address either the first element of that issue or Appellant's second issue.

- 8 -

Order reversed. Case remanded for further proceedings in accordance with our instructions. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2023