J-A13005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL JOLLIFFE | : | |
| | : | |
| Appellant | : | No. 388 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001310-2021

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: JUNE 30, 2025**

Russell Jolliffe appeals from the aggregate judgment of sentence of forty-five to ninety years of imprisonment imposed following multiple convictions for his sexual abuse of a minor. We affirm.

By way of background, Appellant began a romantic relationship with the victim's mother ("Mother") in 2018. Mother and her ex-husband ("Father"), split the custody of their daughters, E.W. and E.L.A. Paternal great-grandmother, who resided with Father, helped care for the girls when he exercised custody. A year after Appellant and Mother began their relationship, Appellant moved in with Mother. At the time, E.W. was five years old and her sister was three years old. Paternal great-grandmother then began to notice that E.W.'s "private parts bother[ed] her" when she would return from Mother's home. *See* N.T. Trial, 8/23/23, at 78. Father also observed that

E.W. became "scared" of being at Mother's house and was generally "skittish." N.T. Trial, 8/22/23, at 30. Based on this behavior, Father petitioned for and was awarded primary custody of the children. The order specifically stated that Appellant was not to have contact with the girls without Father's consent.

Two years later, paternal aunt discovered pornography on E.W.'s iPad. E.W. explained that Appellant and Mother showed her these websites, and she disclosed that Appellant had raped her when she was five years old. Father contacted the police. Officer Peter Jaskiewicz of the Bentleyville Borough police department had E.W. participate in a forensic child abuse interview and medical exam. Pursuant to the investigation, the officer arrested Appellant. His criminal complaint was filed on June 4, 2021, charging him with rape of a child, aggravated indecent assault, involuntary deviate sexual intercourse ("IDSI") with a child, and aggravated indecent assault of a child less than thirteen years of age. Mother was also arrested and charged with endangering the welfare of children.

For a variety of reasons, the ensuing pretrial proceedings were extensive. In September 2021, the Commonwealth issued a notice that it was joining Appellant's case with Mother's case a few days after Appellant's arraignment. Appellant did not initially object. Rather, he requested a jury trial on November 11, 2021, but the court continued trial to comport with Mother's plea court date. In December, the court appointed Jeffrey Wertz,

Esquire, as Appellant's conflict counsel since the Washington County Public Defender's office represented Mother.

On January 12, 2022, Appellant raised his first objection to joinder, asserting that the Commonwealth improperly filed a notice to join instead of a motion, and requested a jury trial. At the end of the month, however, Appellant consented to joinder, and the Commonwealth filed an appropriate motion the next day. Appellant changed his position once more and objected to joinder again in March, but the court ultimately granted the Commonwealth's request to join the cases.

In June 2022, Appellant filed a motion to sever and moved to disqualify the Washington County District Attorney's Office for allegedly listening to recorded prison phone calls between Appellant and Attorney Wertz. By way of background, the Washington County Correctional facility sent the taped calls to the District Attorney's office, which it forwarded to Attorney Wertz. The Commonwealth claimed that it had not listened to any of the recordings. The trial court thus denied Appellant's motion. He petitioned for specialized review to the Supreme Court, which denied review on September 9, 2022.

Pending resolution of that appeal, the trial court continued Appellant's request to sever until October 31, 2022. The court ultimately denied it, and scheduled trial for the February 2023 term. At a hearing, Appellant orally objected to joinder once more, and the court severed the cases so "as to not

prejudice [Appellant] by further delays." Order, 2/3/23. Appellant filed a Pa.R.Crim.P. 600 motion on February 9, 2023, which the court denied.

The following day, the Commonwealth moved to disqualify Attorney Wertz because after the court granted severance, Attorney Wertz entered his appearance on behalf of Mother in a related Protection from Abuse ("PFA") petition filed by Father against Mother and Appellant. Mother's criminal defense attorney had initially granted Attorney Wertz permission to speak to Mother, but revoked that consent. The Commonwealth alleged that Attorney Wertz nevertheless communicated with Mother. The court granted the Commonwealth's motion after a hearing, and appointed Mark Adams, Esquire, as Appellant's counsel. Appellant was brought to trial on August 8, 2023, after Attorney Adams was granted multiple continuances to become acquainted with the case.

At the ensuing jury trial, E.W. testified. She explained that Appellant had touched her vagina with his hands and mouth, put her mouth and hands on his penis, and inserted his penis inside her vagina on "multiple" occasions or "a couple of" times. *See* N.T. Trial, 8/22/23, at 50, 53, 56-58, 73. At the conclusion of trial, the jury convicted Appellant of all charges.[1] The court sentenced him as indicated above and deemed him a sexually violent predator.

---

[1] Mother entered a guilty plea seven days later.

After filing unsuccessful post-sentence motions, Appellant appealed. He complied with the requirements of Pa.R.A.P. 1925(b), and the court issued an opinion in accordance with Rule 1925(a).[2] In this Court, Megan Temple, Esquire, entered her appearance to represent Appellant on appeal.

Appellant presents the following issues for our determination:

I. Did the trial court err in denying Appellant's right to a speedy trial pursuant to [Rule] 600?

II. Did the trial court err as a matter of law in disqualifying [Attorney Wertz], thereby depriving Appellant of his constitutional right to counsel?

III. Did the trial court err by failing to merge Appellant's convictions at Counts 1 and 3 for sentencing?

IV. Did the failure of Attorney Adams to preserve the issue related to the disqualification of the Washington County District Attorney's Office amount to ineffective assistance of counsel?

Appellant's brief at 6 (some articles omitted).

In Appellant's first claim, he asserts that the court erred in denying his motion pursuant to Rule 600. "Our standard of review in evaluating speedy trial issues is whether the trial court abused its discretion, and our scope of review is limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party." ***Commonwealth***

---

[2] We remind the trial court that all Rule 1925 orders must specify "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge." Pa.R.A.P. 1925(b)(3)(iii).

*v. Womack*, 315 A.3d 1229, 1237 (Pa. 2024) (cleaned up). An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused." *Commonwealth v. Ransom*, 328 A.3d 1127, 1135 (Pa.Super. 2024) (cleaned up).

Rule 600 was enacted to protect a criminal defendant's right to a speedy trial and society's right to effective prosecution. *See Commonwealth v. Graves*, 328 A.3d 1005, 1008 (Pa.Super. 2024). The rule provides, in relevant part, as follows:

**A) Commencement of Trial; Time for Trial**

. . . .

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . . .

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

. . . .

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.

Pa.R.Crim.P. 600. The Commonwealth has the burden to prove by a preponderance of the evidence that "it acted with due diligence throughout the proceedings." *Commonwealth v. Dunmore*, 324 A.3d 1, 5 (Pa.Super. 2024).

The trial court explained its reasoning in denying relief according to Rule 600 thusly. It first stated that Appellant's mechanical run date was June 4, 2022, one year after the criminal complaint was filed. It then found that twenty-eight days were excludable pursuant to the COVID-19 pandemic, along with twelve additional days because Appellant successfully obtained a continuance of his preliminary hearing. The court then excluded the period between Appellant's first request for trial and its continuance "to another plea court date to track with [Mother]" where all parties were under the assumption that Appellant and Mother were joined for purposes of trial, totaling thirty-five days. *See* Trial Court Opinion, 7/3/24, at 11. The court recounted that it was also required to appoint Attorney Wertz as conflict counsel, which took five days, and Appellant did not request a trial until thirty-five days thereafter. Appellant further filed a *habeas corpus* petition, which was under review for forty-nine days. The court likewise did not include 243 days due to Appellant's June 2022 motions to sever and to disqualify the Washington County District

Attorney's office. Lastly, 193 days were excludable while the court considered and granted the Commonwealth's motion to disqualify Attorney Wertz, and thereafter appointed Attorney Adams. In sum, the trial court excluded 600 days, and determined that "[i]t is clear there is no violation of Rule 600(A)[.]" *Id*. at 13.

Appellant challenges the court's exclusion of two of the above categories of time. Specifically, he maintains that any time pertaining to joinder of his and Mother's cases and Attorney Wertz's disqualification were improperly excluded. *See* Appellant's brief at 14. We address each contention in turn.

Concerning the court's decision not to include pre-trial time during which joinder of the cases was disputed, Appellant argues that the Commonwealth initially did not comply with Pa.R.Crim.P. 582(B) because it filed a notice to join after his arraignment instead of a motion seeking permission to join. *See* Appellant's brief at 15. He also claims that since the trial court eventually granted severance in February 2023, the Commonwealth wrongly sought joinder in the first place. *Id*. at 19. Therefore, Appellant asserts that the Commonwealth's "pursuit of the joinder of [Mother], to whom the lion's share of the delay from September 2021 through February 2023 was attributable, was a stall tactic[.]" *Id*.

The rule governing joinder provides as follows:

**(A) Standards**

. . . .

(2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

**(B) Procedure**

(1) Notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with the clerk of courts. A copy of the notice shall be served on the defendant at or before arraignment.

(2) When notice has not been given under paragraph (B)(1), any party may move to consolidate for trial separate indictments or informations, which motion must ordinarily be included in the omnibus pretrial motion.

Pa.R.Crim.P. 582. Relatedly, Rule 583, which governs severance, states that "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

We discern no abuse of discretion in the trial court's exclusion of delays relative to joinder and severance. Although the Commonwealth did not comply with Rule 582(B) by filing notice of joinder instead of a motion after Appellant's arraignment, he did not object until January 12, 2022, and nevertheless consented on January 31, 2022. This period only totals nineteen days. Moreover, the Commonwealth did not improperly seek to join Appellant and Mother's cases where their charges arose from Appellant's sexual abuse of E.W. Therefore, Appellant and Mother were "alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses." *See* Pa.R.Crim.P. 582(A)(2). The court also ultimately granted

- 9 -

severance so "as to not prejudice [Appellant] by further delays." Order, 2/3/23; *see also* Pa.R.Crim.P. 583. After Appellant consented to joinder on January 31, 2022, any delays relating to severance were attributable to him. This argument affords no relief.

Appellant's second category of challenged time hinges on the success of his interrelated argument that Attorney Wertz was wrongly disqualified. We thus address these contentions together. Essentially, Appellant asserts that the trial court violated his Sixth Amendment right to counsel based upon *Commonwealth v. Lewis*, 292 A.3d 555 (Pa.Super. 2023). *See* Appellant's brief at 26-27. Therefore, he maintains that any delays pertaining to Attorney Wertz's disqualification should have been included for Rule 600 purposes.

In granting the Commonwealth's motion to disqualify Attorney Wertz, the trial court explained that counsel admitted to contacting Mother "after consent to speak with her was revoked." Trial Court Opinion, 2/27/23, at 1. The court stated that "[a]ccording to Attorney Wertz, [Mother] wanted to testify on the behalf of [Appellant] against her [criminal defense] attorney's advice." *Id*. at 1-2. Accordingly, the court concluded, "Attorney Wertz must have spoken to her regarding the criminal case and possibly gave her legal advice concerning her right to testify in the criminal matter." *Id*. at 2.

A trial court has the power to disqualify an attorney for violating the Rules of Professional Conduct only where "both another remedy for the violation is not available and it is essential to ensure that the party seeking

- 10 -

disqualification receives the fair trial that due process requires." *Lewis*, 292 A.3d at 558. Importantly, however, "[i]t is well-settled that while an indigent defendant is entitled to counsel, the right to appointed counsel does not include the right to counsel of the defendant's choice." *Commonwealth v. Tighe*, 184 A.3d 560, 576 (Pa.Super. 2018) (cleaned up).

We first observe that *Lewis* is readily distinguishable from the matter herein. In that case, the trial court disqualified Lewis's counsel for making disparaging public statements about the prosecutor's office and leaking video evidence to the press. *See Lewis*, 292 A.3d at 557-59. Notably, Lewis had retained his counsel. *Id*. at 557. This Court reversed, finding that the evidence did not demonstrate that disqualification of Lewis's chosen counsel was necessary to protect the Commonwealth's fair trial rights. *Id*. at 559.

Unlike in *Lewis*, Appellant did not retain Attorney Wertz. As noted, Appellant has a constitutional right to be represented, but not by court-appointed counsel of his choice. *See Tighe*, 184 A.3d at 576. Furthermore, the Commonwealth acted with due diligence in pursuing Attorney Wertz's disqualification. At the hearing, he admitted to speaking to Mother after her attorney had revoked consent, in violation of Pennsylvania Rule of Professional Conduct 4.2. *See* Pa.R.P.C. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter."); *see also Commonwealth v. Rivera*, 249 A.3d 1177, 2021 WL 688783, at *14-15

- 11 -

(Pa.Super. 2021) (non-precedential decision) (upholding trial court's disqualification of defendant's court-appointed counsel for violating the Rules of Professional Conduct). Therefore, the trial court did not abuse its discretion in disqualifying Attorney Wertz or excluding any delay attributable to the ensuing change in counsel.

In sum, Appellant's challenges to the court's calculation of excludable time have no merit. Adding the 600 excluded days to Appellant's mechanical run date, we arrive at an adjusted run date of January 25, 2024, 350 days after Appellant filed his motion pursuant to Rule 600, and 170 days after Appellant was brought to trial. Accordingly, Appellant is not entitled to relief pursuant to Rule 600.

Appellant next argues that the trial court erred by refusing to merge rape of a child and IDSI for purposes of sentencing. "Whether crimes merge for sentencing purposes implicates the legality of sentence[.]" *Commonwealth v. Watson*, 228 A.3d 928, 941 (Pa.Super. 2020). As such, "our standard of review is *de novo* and our scope of review is plenary." *Id*.

Our Sentencing Code states that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. This Court has explained that in analyzing merger, "the preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses

- 12 -

stem from two different criminal acts, a merger analysis is not required." ***Watson***, 228 A.3d at 941.

The relevant statutory provisions for rape and IDSI are as follows. "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than [thirteen] years of age." 18 Pa.C.S. § 3121(c). Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. Additionally, "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than [thirteen] years of age." 18 Pa.C.S. § 3123(b). Deviate sexual intercourse is defined as "[s]exual intercourse per os or per anus between human beings . . . . The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S. § 3101.

Appellant contends that E.W. testified that he had performed oral sex on her, which could have constituted either rape or IDSI. ***See*** Appellant's brief at 33-34. He explains that "[w]ithout special findings, there is no way to know if the jury convicted Appellant for rape of a child due to her testimony regarding penetration by Appellant's penis or his mouth." ***Id***. at 34.

Accordingly, Appellant contends that these two convictions should have merged for sentencing purposes. *Id*. at 35.

This argument strains logic. E.W. attested that Appellant inserted his penis into her vagina "multiple" times, and put his mouth on her vagina "a couple times." *See* N.T. Trial, 8/22/23, at 50, 57. The jury found E.W. credible, and her allegations provide justification for each conviction based on separate criminal acts. *See Commonwealth v. Snyder*, 870 A.2d 336, 349-50 (Pa.Super. 2005) (upholding a trial court's decision not to merge sentences for IDSI and rape where the charges were supported by separate facts). Hence, Appellant's crimes did not arise from a "single act" as required by § 9765. No relief is due.

Appellant's final assertion challenges the effectiveness of trial counsel. This Court has provided the following relevant guidance:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 ([Pa.] 2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Commonwealth v. James*, 297 A.3d 755, 760-61 (Pa.Super. 2023) (cleaned up).

Appellant does not address the above-referenced exceptions. Instead, he cites *Commonwealth v. Johnson*, 771 A.2d 751 (Pa. 2001), in support of his ability to raise an ineffectiveness claim on direct appeal. *See* Appellant's brief at 36-39. In *Johnson*, the High Court held that an "appellate counsel's claim of his or her own ineffectiveness for failure to include a claim of ineffective assistance of counsel within a statement of matters complained of on appeal is a claim that is reviewable by the Superior Court." *Johnson*, 771 A.2d at 755.

Appellant argues that Attorney Adams was ineffective for failing to include in his Rule 1925(b) statement a challenge to the order denying disqualification of the Washington County Attorney's Office. *See* Appellant's brief at 35. Appellant explains that "[w]hile representatives from the District Attorney's Office maintained they did not listen to the intercepted calls between attorney and client, the Assistant District Attorney(s) who handled discovery and prosecuted the case was necessarily aware the calls were intercepted to even know they should not listen to them." *Id*. at 42. Thus, Appellant contends that this argument had merit, and Attorney Adams should have included it in the 1925(b) statement. *Id*. at 40, 43.

It is clear that *Johnson* is not applicable to this matter where the High Court issued *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), after

*Johnson*, announcing the general rule that ineffective assistance of counsel claims should be deferred to collateral review. Additionally, Attorney Adams authored the 1925(b) statement, not Attorney Temple.

Furthermore, Appellant has not met the exceptions outlined in *Holmes*. We discern no extraordinary circumstances or good cause where the Commonwealth attested that it did not listen to the recordings. There is also no indication in the record that Appellant has waived his right to PCRA review, or that he is statutorily precluded from doing so. Since Appellant has not satisfied the above exceptions, this claim is deferred to collateral review. *See Holmes*, 79 A.3d at 563 ("[W]e hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]").

In sum, Appellant has not demonstrated that the trial court abused its discretion in denying Appellant's Rule 600 motion. The court also did not err by not merging his convictions for rape and IDSI for purposes of sentencing. Lastly, we defer Appellant's ineffective assistance of counsel claim to collateral review. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/30/2025